UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| A. RICHARD SCHUSTER, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>  v.<br><br>ENCORE BOSTON HARBOR; WYNN MA, LLC; and WYNN RESORTS, LIMITED,<br><br>   Defendants. | NO. |

## DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441, 1446, and 1453(b), Defendants, Wynn MA, LLC and Wynn Resorts, Limited (collectively, "Wynn"), hereby remove to this Court, the United States District Court for the District of Massachusetts, the above-captioned action that was initiated by plaintiff, A. Richard Schuster, individually and on behalf of all others similarly situated ("Schuster"), in the Superior Court of the Commonwealth of Massachusetts, Middlesex County.

Removal is authorized by 28 U.S.C. §§ 1441 and 1453, and this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), (d)(2) because Wynn and Schuster are of diverse citizenship and Schuster alleges that the amount in controversy in this class action exceeds $5,000,000, exclusive of interest and costs. In further support of this Notice of Removal, Wynn states as follows:

## BACKGROUND

1. On or about July 15, 2019, Schuster filed the above-captioned action against Wynn and Encore Boston Harbor, the name of the resort and casino owned by Wynn, in the Massachusetts Superior Court for Middlesex County.

2. According to the returns of service filed by Schuster in this action, the summons and Complaint was served on Wynn's registered agent in Massachusetts on July 15, 2019.

3. The Complaint asserts claims against Wynn for: Breach of Contract (Count One); Unjust Enrichment (Count Two); Promissory Estoppel (Count Three); and Conversion/Theft (Count Four).

4. The Complaint alleges that "there are thousands of class members." Compl., ¶ 50.

5. The Civil Action Cover Sheet filed by Schuster and signed by his counsel in this case avers that the "TOTAL" amount of claimed damages is "$30,000,000.00."

6. The Complaint seeks actual and statutory damages, treble damages, and attorneys' fees.

7. The time for removal prescribed by 28 U.S.C. § 1446(b) has not expired.

**Grounds for Removal**

8. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), (d)(2).

Diversity of Citizenship

9. This action is between "citizens of different states," id. § 1332(a)(1), and is a class action in which "any member of a class of plaintiffs is a citizen of a State different from any defendant," id. § 1332(d)(2)(A).

10. Wynn Resorts, Limited is a Nevada corporation with its principal place of business in that state.

11. Wynn MA, LLC is a limited liability company organized under the laws of Nevada with its principal place of business in that state. See 28 U.S.C. § 1332(d)(10).

Moreover, Wynn MA, LLC is wholly owned by its sole member, Wynn America, LLC.  Wynn America, LLC is wholly owned by its sole member, Wynn Resorts Holdings, LLC.  Wynn Resorts Holdings, LLC is wholly owned by its sole member, Wynn Resorts, Limited, a Nevada corporation with its principal place of business in that state.

12. Encore Boston Harbor is not a legal entity, but is the name of the resort and casino that Wynn owns and operates in Massachusetts.  Therefore, Encore Boston Harbor must be disregarded in determining whether this action is removable on diversity-of-citizenship grounds under § 1332.  See id. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

13. In the Complaint, Schuster alleges that he resides in the State of New York. Compl., ¶ 6.  Upon information and belief, Schuster, the only named class member in this action, is a citizen of New York.

14. Upon information and belief, at least one of the "thousands of class members," Compl., ¶ 50, is a citizen of a state other than Nevada.  See 28 U.S.C. § 1332(d)(2)(A).

Amount in Controversy

15. Based on Schuster's allegations, the amount in controversy in this case exceeds the threshold set forth in 28 U.S.C. § 1332(d)(2).

16. The Civil Action Cover Sheet filed by Schuster and signed by his counsel in this case avers that the "TOTAL" amount of claimed damages is "$30,000,000.00."

17. The Complaint seeks actual and statutory damages, treble damages, and attorneys' fees.

18. The amount claimed by Schuster in the Complaint and the Civil Action Cover Sheet—an indispensable component of the "initial pleading" that initiated the case in Massachusetts state court, 28 U.S.C. § 1446(c)(2), and an "other paper" in this action, id. § 1446(b)(3), (c)(3)(A)—"shall be deemed to be the amount in controversy," id. § 1446(c)(2).

19. Therefore, the claims of the individual class members, when considered in the aggregate, see id. § 1332(d)(6), exceed the sum of $5,000,000, exclusive of interests and costs.

## Class Size

20. There are more than 100 class members.  See id. § 1332(d)(5)(B).

21. The Complaint alleges that "there are thousands of class members."  Compl., ¶ 50.

## **The Procedural Requirements for Removal have been Satisfied**

22. This notice of removal has been filed within 30 days after the receipt by Wynn of the Complaint.  See id. § 1446(b)(1).

23. Copies of all process, pleadings, and orders served upon Wynn are attached as exhibits to this Notice of Removal.  See id. § 1446(a).

24. All defendants who have been properly joined and served consent to removal of this action.  See id. § 1446(b)(2)(A).

25. This action has been removed to the district court of the United States for the district and division embracing the place where this action was pending in state court.  See id. §§ 1441(a), 1446(a).

26. This class action was commenced after the Class Action Fairness Act's effective date of February 18, 2005.

27. Wynn will provide prompt written notice of the filing of this Notice of Removal to Schuster and will file a copy of the notice with the Clerk of the Massachusetts Superior Court for Middlesex County.  See id. § 1446(d).

## Non-Waiver of Defenses

28. By removing this action from Massachusetts Superior Court, Wynn does not waive any defenses available to it.

29. By removing this action from Massachusetts Superior Court, Wynn does not admit any of the allegations of the Complaint.

**WHEREFORE**, Wynn removes the above-captioned action from Massachusetts Superior Court to the United States District Court for the District of Massachusetts.

Dated: August 5, 2019

Respectfully submitted,

*/s/ Wayne F. Dennison*
Wayne F. Dennison (BBO #558879)
Joshua P. Dunn (BBO #685262)
BROWN RUDNICK LLP
One Financial Center
Boston, MA 02111
(617) 856-8200
wdennison@brownrudnick.com
jdunn@brownrudnick.com

*Attorneys for Defendants*
*Wynn MA, LLC; and Wynn Resorts, Limited*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document was served upon the attorney of record for the Plaintiff via U.S. mail on August 5, 2019.

*/s/ Joshua P. Dunn*
Joshua P. Dunn