*Commonwealth of Massachusetts*
**MIDDLESEX SUPERIOR COURT DEPARTMENT**
**THE TRIAL COURT**
**WOBURN**

19-2010

I, C. Andrew Johnson, Deputy Assistant Clerk of the Superior Court, Within and for said

County of Middlesex, do certify that the annexed papers are true copies made by photographic

process of pleadings in 19-2010 entered in the Superior Court on the 15 day of

July in the year of our Lord 2019.

In testimony whereof, I hereunto set my hand and affix seal of said Middlesex Superior Court at

Woburn in said County, this 7 day of Aug , in the year of our Lord **Two**

**Thousand Nineteen.**

2019 AUG 13 PM 2: 43
U.S. DISTRICT COURT
DISTRICT OF MASS.
FILED
IN CLERKS OFFICE

C. Andrew Johnson
Deputy Assistant Clerk

Office of Court Management
Fiscal Affairs Department
ORDER FORM

INTERNAL SEQUENCE NUMBER _____ - _____
Calendar Year – Chronological Seq.

Court Department: _Civil_

Court Division: _____

Organization: _____

Phone Number: _____

Court Office: (CHECK ONE →) □ Clerk-Magistrate □ Register of Probate □ Land Court Recorder

Name of Payor: _____

Address of Payor (if applicable) _____

Date of Request: _____

Cashier's Initials: _____

Case Number: _19-2010_

MASSCOURTS RECEIPT # _____

Case Name: _____

(To be completed once receipted in MassCourts)

A. Richard Schuster

CHECK ONE ↓:

Encore Boston Harbor et al

□ Cash _____ □ Other _____

□ Check _____

□ Credit Card _____

| Quantity | Service/Item | Per Unit Cost | Service/Item Subtotals |
|---|---|---|---|
| | Copies | $ _____ | $ _____ |
| | Tapes | $ _____ | $ _____ |
| | Civil Summons | $ _____ | $ _____ |
| | Hospital Records | $ _____ | $ _____ |
| | Certificate of Judgement | $ _____ | $ _____ |
| | Transcripts | $ _____ | $ _____ |
| | Notary Certificates | $ _____ | $ _____ |
| | Depositions | $ _____ | $ _____ |
| | Certified copy | $ _____ | $ _____ |
| | Other: _____ | $ _____ | $ _____ |
| | Exemplified Copy | $ _____ | $ _____ |
| 24 pgs | Removal Fee | $ 2.50 per pg | $ 60 |

Please send a check to:

Middlesex Superior Court

200 Trade Center - 2ND Floor

$ _60_

Woburn, MA 01801

c/o Frank Meesa

**brown**rudnick

JOSHUA P. DUNN
direct dial: (617) 856-8375
jdunn@brownrudnick.com

August 5, 2019

**VIA HAND DELIVERY**

Civil Clerk's Office
Middlesex Superior Court
200 Tradecenter Drive
Woburn, MA 01801

```
FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX

AUG 0 5 2019

CLERK
```

**RE:**  *A. Richard Schuster v. Encore Boston Harbor, et al.,*
Civil Action No. 1981CV02010

Dear Sir or Madam:

Enclosed please find Defendants' Notice of Filing of Removal for filing in the above-referenced matter:

Please acknowledge receipt of the filing by date stamping a copy of this letter and returning it in the enclosed self-addressed stamped envelope. Thank you for your attention to this matter.

Sincerely,

**BROWN RUDNICK LLP**

Joshua P. Dunn

Enclosure
cc:    Wayne F. Dennison, Esq.
Joshua N. Garick, Esq.

# COMMONWEALTH OF MASSACHUSETTS

**MIDDLESEX, SS.**

**SUPERIOR COURT DEPARTMENT**
**CIVIL ACTION NO.** 19cv2010

**RICHARD  SCHUSTER**

**PLAINTIFF,**

**v**

**ENCORE BOSTON  HARBORET,AL.**

**DEFENDANT,**

# REMOVAL TO U.S. DISTRICT COURT



**COMMONWEALTH OF MASSACHUSETTS**
**MIDDLESEX COUNTY**
**Docket Report**

## 1981CV02010 A. Richard Schuster Individually and On behalf of all others similarly situated vs. Encore Boston Harbor et al

| | | | |
|---|---|---|---|
| **CASE TYPE:** | Contract / Business Cases | **FILE DATE:** | 07/15/2019 |
| **ACTION CODE:** | A99 | **CASE TRACK:** | F - Fast Track |
| **DESCRIPTION:** | Other Contract Action | | |
| **CASE DISPOSITION DATE** 08/07/2019 | | **CASE STATUS:** | Closed |
| **CASE DISPOSITION:** | Transferred to another Court | **STATUS DATE:** | 08/07/2019 |
| **CASE JUDGE:** | | **CASE SESSION:** | Civil J Rm 420 |

### PARTIES

| | |
|---|---|
| **Plaintiff**<br>A. Richard Schuster Individually and On behalf of all others similarly situated<br><br>New York, NY 10001 | **Attorney**              **674603**<br>Joshua Garick<br>Law Offices of Joshua N. Garick, P.C.<br>Law Offices of Joshua N. Garick, P.C.<br>34 Salem St<br>Suite 202<br>Reading, MA 01867<br>Work Phone (617) 600-7520<br>Added Date: 07/15/2019 |
| **Defendant**<br>Encore Boston Harbor<br>1 Broadway<br>Everett, MA 02149 | |
| **Defendant**<br>Wynn MA, LLC<br><br>Everett, MA 02149 | |
| **Defendant**<br>Wynn Resorts, LTD | |

### FINANCIAL DETAILS

| Date | Fees/Fines/Costs/Charge | Assessed | Paid | Dismissed | Balance |
|---|---|---|---|---|---|
| 07/15/2019 | Civil Filing Fee (per Plaintiff) | 240.00 | 240.00 | 0.00 | 0.00 |
| 07/15/2019 | Civil Surcharge (G.L. c. 262, § 4C) | 15.00 | 15.00 | 0.00 | 0.00 |
| 07/15/2019 | Civil Security Fee (G.L. c. 262, § 4A) | 20.00 | 20.00 | 0.00 | 0.00 |
| 07/15/2019 | Fee for Blank Summons or Writ (except Writ of Habeas Corpus) MGL 262 sec 4b | 15.00 | 15.00 | 0.00 | 0.00 |
| | **Total** | **290.00** | **290.00** | **0.00** | **0.00** |



**COMMONWEALTH OF MASSACHUSETTS**
**MIDDLESEX COUNTY**
**Docket Report**

| | | INFORMATIONAL DOCKET ENTRIES | |
|---|---|---|---|
| **Date** | **Ref** | **Description** | **Judge** |
| 07/15/2019 | | Attorney appearance<br>On this date Joshua Garick, Esq. added for Plaintiff A. Richard Schuster | |
| 07/15/2019 | | Case assigned to:<br>DCM Track F - Fast Track was added on 07/15/2019 | |
| 07/15/2019 | 1 | Original civil complaint filed. | |
| 07/15/2019 | 2 | Civil action cover sheet filed. | |
| 07/15/2019 | | Demand for jury trial entered. | |
| 07/15/2019 | 3 | A. Richard Schuster Individually and On behalf of all others similarly<br>situated's MOTION for appointment of Special Process Server.<br>to appoint Robert Messina and/or Associates Constable. Dated:07/15/2019,<br>Motion ALLOWED. Copy given in hand on 07/15/2019 | Henry |
| 07/25/2019 | 4 | Service Returned for<br>Defendant Encore Boston Harbor: Service through person in charge /<br>agent;<br><br>07/16/2019, in hand to Ms. "Jane Doe", 1 Broadway, Everett, MA | |
| 07/25/2019 | 5 | Service Returned for<br>Defendant Wynn MA, LLC: Service through person in charge / agent;<br><br>07/15/2019, in hand to Ross DePina, 155 Federal Street, Boston, MA | |
| 07/25/2019 | 6 | Service Returned for<br>Defendant Wynn Resorts, LTD: Service through person in charge / agent;<br><br>07/15/2019, in hand to Ross DePina, 155 Federal Street, Boston, MA | |
| 08/07/2019 | | REMOVED to the U.S. District Court<br><br>Applies To: Encore Boston Harbor (Defendant) | |
| 08/07/2019 | | Case transferred to another court. | |

**MIDDLESEX, SS.** *Commonwealth of Massachusetts*
SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

In testimony that the foregoing is a true copy on file
and of record made by photographic process, I hereunto
set my hand and affix the seal of said Superior Court
this Seventh day of August, 2019.

Deputy Assistant Clerk

# COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT DEPARTMENT

)
A. RICHARD SCHUSTER, )
*individually and on behalf of all others* )
*similarly situated,* )
Plaintiff, )
)
v. )  C.A. No. 19-2010
)
ENCORE BOSTON HARBOR, )
WYNN MA, LLC, and )
WYNN RESORTS, LTD., )
Defendants. )
_____ )

> **FILED**
> **IN THE OFFICE OF THE**
> **CLERK OF COURTS**
> **FOR THE COUNTY OF MIDDLESEX**
>
> **JUL 1 5 2019**
>
> **CLERK**

## CLASS ACTION COMPLAINT AND JURY DEMAND

## I. INTRODUCTION

1. In casino gaming, it is said that the house always wins. With the odds so drastically in its favor, it is unfathomable that a casino would intentionally resort to cheating so as to increase its statistical edge over the player *even more*. The Encore Boston Harbor casino ("Encore") has done just that. The Encore has disregarded Massachusetts law and ignored established rules of the game of Blackjack to increase its statistical advantage and lower the lawful payouts owed to its customers.

2. Specifically, Encore has willfully and intentionally paid its customers odds of 6 to 5 when a player is dealt a "blackjack," when Massachusetts law clearly and unambiguously states that a player who is dealt a "blackjack" "shall be paid at odds of 3 to 2." *See Massachusetts Gaming Commission*, RULES OF BLACKJACK (Feb. 11, 2019), at ¶ 3(e) (hereinafter the "Rules of Blackjack").[1]

---

[1] https://massgaming.com/wp-content/uploads/RULES-Blackjack-2-11-19.pdf

1

3. While this may not sound significant, an analysis using conservative estimates and assumptions suggests that the aggregate loss to Massachusetts consumers is astounding. Assuming an average wager of $50.00 per hand and 80 hands of Blackjack per hour, Encore's customers can expect to lose $35.60 per hour *more than* the losses they are already expected to incur in a fair Blackjack game that complies with Massachusetts law.[2] The math is even more disturbing when you multiply this average expected loss by five players per table, by 20 tables offering the crooked Blackjack game at any given time, and by 24 hours the casino is open each day. This means Encore is stealing $85,440.00 from its customers each day, or well in excess of $30 million each year.

4. Encore is not content on stealing money from only its customers who play table games; Encore has also found a way to take money from its slot customers, too. When a slot player cashes out his or her winnings at a ticket redemption machine positioned throughout the casino, these machines only pay out in whole dollar amounts, without paying change, and without instruction on how to obtain the balance. The unredeemed change, therefore, is never returned to the player and is simply added to Encore's coffers.

5. This lawsuit seeks to return the millions of dollars Encore has brazenly stolen and will continue to steal from its customers unless and until it changes its practices to conform with Massachusetts law.

II. PARTIES

6. Plaintiff A. Richard Schuster ("Plaintiff") resides in the State of New York.

7. Encore Boston Harbor ("Encore") is a luxury resort casino located at 1 Broadway, Everett, Middlesex County, Massachusetts.

---

[2] *See* https://www.blackjackinfo.com/no-6-to-5-blackjack/.

2

8.      Wynn MA, LLC is a Nevada limited liability company with a principal place of business in Everett, Middlesex County, Massachusetts.

9.      Wynn Resorts, Ltd. is a Nevada limited liability company with a principal place of business in Everett, Middlesex County, Massachusetts.

10.     Wynn MA, LLC and Wynn Resorts, Ltd. operate Encore and are licensed to offer casino gaming.

## III.    FACTUAL BACKGROUND

### A.     BACKGROUND RELATING TO ALL CLAIMS

11.     Encore is a beautiful facility, with a $2.6 billion cost to build, that boasts 144 table games and over 3,100 slot machines available to its customers.

12.     In September of 2014, defendants were granted a license by the Massachusetts Gaming Commission to operate a gaming casino in Everett, Massachusetts.

13.     As an express condition of licensure, Encore is only authorized to offer for play those table games and their rules authorized by the Massachusetts Gaming Commission. *See* 205 CODE. MASS. REGS., § 147.02.

14.     On June 23, 2019, Encore had its grand opening to the general public.

15.     To participate in any casino gaming, customers must convert cash into either casino chips that can be used at table games or slot machine credits that can be used to play slots. At the conclusion of a gambling session, any un-wagered chips or credits are supposed to be refunded to the customer.

### B.     ENCORE CHEATS AT BLACKJACK TO INCREASE THE CASINO'S ADVANTAGE

16.     One of the table games offered to Encore's customers is Blackjack.

17.     Blackjack is a card game, the object of which is simply to get more points (i.e., by

3

totaling the value of your cards) than the dealer without going over a combined value of 21.

18.     All players and the dealer are dealt two cards. Only one of the dealer's cards is shown to the player. If a player's first two cards include one ace and one card with a value of ten (which includes a ten, jack, queen or king), that player has been dealt a "blackjack," which, pursuant to the Rules of Blackjack, "shall be paid at odds of 3 to 2." *See* RULES OF BLACKJACK, at 3(e).[3]

19.     For example, if a player places a wager of $50.00 and is dealt a "blackjack," he or she will be paid $75.00 (i.e., a payout ratio of 3:2).

20.     Many of the Blackjack games offered on the main casino floor fail to comply with the Rules of Blackjack.[4] At these non-compliant Blackjack tables, Encore inexplicably makes a payout of 6:5 if a player has been dealt a "blackjack."

21.     Under these less favorable payout rules, if a player placed the same $50.00 wager as the previous example, and is dealt a "blackjack," Encore will only pay the player $60.00 (i.e., a payout ratio of 6:5).

22.     The Rules of Blackjack do authorize a payout of 6:5 in limited situations, but this is only when the casino offers the "6 to 5 blackjack variation," which, itself, has its own set of defined rules articulated by the Massachusetts Gaming Commission.

23.     The "6 to 5 blackjack variation" of Blackjack differs from the traditional

---

[3] A "blackjack" is legally defined as "an ace and any card having a point value of 10 dealt as the initial two cards to a player or a dealer except that this shall not include an ace and a ten point value card dealt to a player who has split pairs." *See id.*, at 1.

[4] Plaintiff concedes that not all Blackjack tables at Encore violate Massachusetts law. Upon information and belief, most of Encore's compliant Blackjack tables are offered exclusively in the upper terrace level of the casino – an area that, according to prominent signage, is reserved for Encore's high rollers. The non-complaint Blackjack tables are found on the main casino floor which is open to the general public without restriction.

4

Blackjack game because it is played with either a single deck or two stacked decks of cards. *See* RULES OF BLACKJACK, at §§ 2(a)(1) and 6a(b). Conversely, a traditional game is played with a shoe of six or eight decks of cards. *See id.*, at § 2(a)(4). Under the "6 to 5 blackjack variation," the players are dealt two cards faced down, and are then permitted to "pick up and evaluate the two cards dealt to him or her." *Id.*, at 6a(d). Conversely, players are dealt two cards faced up and are not permitted to touch the cards under the traditional Rules of Blackjack. *See id.*, at § 6(e).

24.     The following chart illustrates the difference between traditional Blackjack and "6 to 5 blackjack variation," as articulated in the Rules of Blackjack:

|                    | **Traditional** | **6 to 5 Variation** |
|--------------------|-----------------|----------------------|
| **Decks per Shoe** | 6 or 8          | 1 or 2               |
| **Cards Dealt**    | Face Up         | Face Down            |
| **Touching Cards** | Not Allowed     | Allowed              |
| **Hit Soft 17**    | Yes or No       | Yes                  |
| **"Blackjack" Payout** | 3:2         | 6:5                  |

25.     These rule differences are important because it alters, significantly, the casino's statistical advantage. Playing Blackjack with a single deck or double deck increases the player's advantage by .48% or .19%, respectively. *See Wizard of Odds Consulting, Inc.*, BLACKJACK RULE VARIATIONS (Jan. 21, 2019), accessible at <https://wizardofodds.com/games/blackjack/rule-variations/>. Because the player is gaining these advantages, the casino is permitted to offset this edge by coupling these rules with other rules designed to reduce the player advantage.

26.     A dealer hitting on a soft-17 reduces the player advantage by .22%. *See id.*[5]

---

[5] In Blackjack, an "ace" can have the value of either 1 or 11. *See* RULES OF BLACKJACK, at § 2(b)(3). A "soft total" is defined as "the total point count of a hand containing an ace when the ace is counted as 11 in value." *Id.*, at § 1. Thus, a soft-17 would be, for example, an ace and a six. While the casino has the option to either hit or stand on soft-17, if the casino elects the later, it is doing so intentionally so as to increase the house advantage to the detriment of the player. *See id.*, at § 12(b).

5

27. Similarly, using the 6:5 payout for "blackjack" reduces the player advantage by 1.39%. *See id.*

28. Upon information and belief, Encore does not offer the actual "6 to 5 blackjack variation" that is authorized by law, as there are no single or two deck shoes, cards are dealt to players face up, and the players are not allowed to touch the cards.

29. Instead, in violation of Massachusetts law, Encore has coupled the "6 to 5 blackjack variation" rules that are favorable to the house, with the traditional rules that are also favorable to the house. This is designed to maximize the casino's advantage far in excess of that which is permitted under either variation of Blackjack that is approved by the Massachusetts Gaming Commission. Instead of playing by these established rules, Encore has created its own set of rules as follows:

|                    | **Encore Rules**   |
|--------------------|--------------------|
| **Decks per Shoe** | 8                  |
| **Cards Dealt**    | Face up            |
| **Touching Cards** | Not Allowed        |
| **Hit Soft 17**    | Yes                |
| **"Blackjack" Payout** | 6:5            |

30. This unlawful set of rules created unilaterally by Encore has resulted in decreased payouts to players, increased losses to players, and increased profits to Encore.

31. This unlawful set of rules is not permitted under Massachusetts law.

## C. ENCORE FAILS TO PAY OUT SLOT WINNINGS

32. To play slot machines, a player deposits cash into the slot machine, which is converted to credits that can be used to make a wager.

33. At the conclusion of any wager, the players can "cashout" any unused credits remaining on the slot machine. When the player hits the "cashout" button, the machine prints a ticket that can be redeemed at ticket redemption machines positioned throughout the casino.

6

34.     These ticket redemption machines look like ATM machines. Once the ticket is inserted, the machine is supposed to dispense cash to the customer in the amount of the ticket.

35.     The ticket redemption machines, however, only pay out whole dollar amounts, without change, and without instruction on how to redeem the balance.

36.     Encore always rounds down, meaning a player will forfeit any amounts of the ticket above the last whole dollar amount.

37.     All unclaimed funds are retained by Encore.

**D.      FACTS RELATING TO PLAINTIFF'S GAMING EXPERIENCE AT ENCORE**

38.     On July 11, 2019, Plaintiff gambled at Encore.

39.     Plaintiff played several table games at Encore, including Blackjack.

40.     At the Blackjack table, the dealer used an eight deck shoe.

41.     At the Blackjack table, the players, including the Plaintiff, were not allowed to touch the cards, and all cards were dealt face up.

42.     At the Blackjack table, Encore made 6:5 payouts when a player was dealt a "blackjack."

43.     The plaintiff was, in fact, dealt several "blackjacks" while playing Blackjack. However, he only received a payout of 6:5 when he was dealt each "blackjack."

44.     The Plaintiff also played slots while at Encore.

45.     When the Plaintiff cashed out his balances on the slot machines, he was given tickets with the balance owed to him.

46.     The Plaintiff attempted to cashout these tickets at ticket redemption centers positioned throughout the casino. However, Encore only paid out whole dollars, and failed to pay the balance due on these tickets.

7

47.     As a result, the Plaintiff never received the full amount of slot credits that he was owed.

E.     **CLASS ACTION ALLEGATIONS**[6]

48.     Plaintiff brings this action on behalf of himself and as a class action, pursuant to the provisions of Rules 23(a) and (b) of the Massachusetts Rules of Civil Procedure and G. L. c. 93A, § 9(2) on behalf of a class consisting of all Encore Boston Harbor casino customers who played a slot machine or Blackjack at a table offering a payout of 6 to 5 when being dealt a "blackjack."[7]

49.     Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

50.     Numerosity – MASS. R. CIV. P. 23(a)(1). The class is so numerous that individual joinder of all class members is impracticable. Plaintiff believes that there are thousands of class members. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

51.     Commonality and Predominance – MASS. R. CIV. P. 23(a)(2) and 23(b). This action involves common questions of law and fact, which predominate over any questions

---

[6] The Plaintiff intends to amend this Complaint to include a cause of action under G. L. c. 93A for unfair and deceptive business practices. This amendment is anticipated if, after the defendants are given 30 days to respond to a demand, a reasonable offer of settlement is not made to Plaintiff and members of the class. After amendment, the Plaintiff will pursue class certification under standards enumerated in either MASS. R. CIV. P. 23 or G. L. c. 93A, § 9.

[7] The Plaintiff reserves the right to amend the class definition if further information and discovery indicates that the class definition should be narrowed, expanded, or otherwise modified, including but not limited to, the creation of multiple classes or subclasses.

affecting only individual class members. All class members were subject to the same deception, and all involve common questions of law and fact.

52.     Typicality – MASS. R. CIV. P. 23(a)(3). Plaintiff's claims are typical of the claims of the other members of the class because, among other things, all class members were similarly injured through the uniform misconduct described herein and all class members have the same claim, *i.e.,* that Encore violated the Rules of Blackjack by paying 6 to 5 odds when a player is dealt a "Blackjack," and by only paying whole dollars to slot players attempting to monetize their cashout tickets.

53.     Adequacy of Representation – MASS. R. CIV. P. 23(a)(4) and G. L. c. 93A, § 9(2). Plaintiff is an adequate class representative because his interests do not conflict with the interests of the other members of the class he seeks to represent; he has retained counsel competent and experienced in class action litigation, and Plaintiff intends to prosecute this action vigorously. The class' interests will be fairly and adequately protected by Plaintiff and counsel.

54.     Similarly Situated and Injured Persons – G. L. c. 93A, § 9(2). The proposed class consists of customers who have suffered the same injury as the Plaintiff and who, for the reasons stated above, are similarly situated to each other and to the Plaintiff.

55.     Superiority – MASS. R. CIV. P. 23(b). A class action is superior to any other available methods for fairly and efficiently adjudicating this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages suffered by Plaintiff and the other members of the class are relatively small compared to the burden and expense that would be required to individually litigate their claims against Encore, so it would be impracticable for class members to individually seek redress for Encore's wrongful conduct. Even if the class members could afford individual litigation, the court system could

not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## IV. CAUSES OF ACTION

### COUNT ONE
### BREACH OF CONTRACT

56. The Plaintiff readopts and realleges the preceding paragraphs, and incorporates them into this count.

57. Plaintiff and members of the class entered into a contract with Encore to play Blackjack with the understanding that all wagers would comply with the Rules of Blackjack enumerated by the Massachusetts Gaming Commission.

58. Plaintiff and members of the class entered into a contract with Encore to make slot wagers with the understanding that all credits remaining on the slot machine could be redeemed in full at the player's sole option.

59. Plaintiff and members of the class have fully performed all covenants, conditions and obligations required by them, except to the extent made impossible by the defendants.

60. The defendants breached these contracts by failing to conduct Blackjack games in accordance with the Rules of Blackjack. This includes, without limitation, reducing a "blackjack" payout from 3:2 to 6:5 (i.e., an additional 20% vig).

61. The defendants breached these contracts by failing to refund all slot credits in full.

62. As a direct and proximate cause of these breaches, Plaintiff and members of the class have incurred significant financial damages.

10

## COUNT TWO
### UNJUST ENRICHMENT

63.     Plaintiff readopts and realleges the preceding paragraphs, and incorporates them into this count.

64.     All monies paid to defendants that should have been paid or returned to Plaintiff and members of the class constitute a benefit that the defendants aggressively sought and voluntarily accepted.

65.     Retention of these benefits would violate fundamental principles of justice, equity and good conscience.

## COUNT THREE
### PROMISSORY ESTOPPEL

66.     Plaintiff readopts and realleges the preceding paragraphs, and incorporates them into this count.

67.     Defendants promised to Plaintiff and members of the class that all Blackjack wagers would comply with the Rules of Blackjack enumerated by the Massachusetts Gaming Commission.

68.     Defendants promised Plaintiff and members of the class that all credits remaining on slot machines could be redeemed in full at the player's sole option.

69.     Plaintiff and members of the class reasonably relied on these promises to their economic detriment.

70.     As a direct and proximate cause of these breached promises, Plaintiff and members of the class have incurred significant financial damage.

## COUNT FOUR
### CONVERSION/THEFT

71.     Plaintiff readopts and realleges the preceding paragraphs, and incorporates them

11

into this count.

72.    Plaintiff and members of the class paid money to the defendants for the opportunity to gamble at Encore.

73.    These monies were converted to casino chips or slot credits that could be used to make wagers at the casino.

74.    All remaining chips and slot credits that were not wagered were refundable at any time.

75.    The defendants have unlawfully and wrongfully exercised dominion and control over Plaintiff's and members of the class' money by withholding and otherwise failing to pay 20% of the player's winnings when being dealt a "blackjack" in violation of Massachusetts law and the Rules of Blackjack.

76.    The defendants have unlawfully and wrongfully exercised dominion and control over Plaintiff's and members of the class' money by withholding and otherwise failing to pay change remaining on slot machine cashout tickets.

77.    Plaintiff and members of the class have an ownership and/or possessory right in these monies as they are either: (1) payouts due in accordance with Massachusetts law and the Rules of Blackjack; or (2) un-wagered funds belonging to the player.

78.    As a direct and proximate cause of these unlawful acts, Plaintiff and members of the class have incurred significant financial damage.

V.    **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that the Court order the following relief:

A.    An order certifying the class as requested herein;

12

B.   Actual and statutory damages;

C.   Treble damages as required by law;

D.   An order enjoining defendants from continuing to engage in the unlawful conduct alleged herein;

E.   Attorneys' fees and costs to plaintiffs and the class; and

F.   Such other and further relief as may be just and proper.

## JURY DEMAND

The Plaintiff, individually and on behalf of all others similarly situated, hereby demands a trial by jury of all claims in this Complaint so triable.

Respectfully submitted,

Joshua N. Garick (BBO #674603)
LAW OFFICES OF JOSHUA N. GARICK, P.C.
34 Salem Street, Suite 202
Reading, Massachusetts 01867
Phone: (617) 600-7520
Joshua@GarickLaw.com

Dated: July 15, 2019

*Counsel for Plaintiff and the Class*

---

MIDDLESEX, SS.   ***Commonwealth of Massachusetts***
SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

In testimony that the foregoing is a true copy on file and of record made by photographic process, I hereunto set my hand and affix the seal of said Superior Court this Seventh day of August, 2019.

_____
Deputy Assistant Clerk



2/

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 19-2010 | Trial Court of Massachusetts The Superior Court |
| --- | --- | --- |

| PLAINTIFF(S): A. RICHARD SCHUSTER | COUNTY Middlesex |
| --- | --- |
| ADDRESS: | |
| 219 E. 66th Street | DEFENDANT(S): ENCORE BOSTON HARBOR |
| New York, NY 10021 | WYNN MA, LLC |
| ATTORNEY: JOSHUA N. GARICK, ESQ. | WYNN RESORTS, LTD. |
| ADDRESS: Law Offices of Joshua N. Garick, P.C. | ADDRESS: |
| 34 Salem Street, Suite 202 | 1 Broadway |
| Reading, MA 01867 | Everett, MA 02149 |
| BBO: 674603 | |

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
| --- | --- | --- | --- |
| A99 | Other Contract/Business Action | F | [X] YES [ ] NO |

**"If "Other" please describe:** Claims relating to unpaid casino wagers.

| Is there a claim under G.L. c. 93A? | Is this a class action under Mass. R. Civ. P. 23? |
| --- | --- |
| [ ] YES [X] NO | [X] YES [ ] NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ..................................................................... $_____
2. Total doctor expenses ....................................................................... $_____
3. Total chiropractic expenses ............................................................... $_____
4. Total physical therapy expenses ......................................................... $_____
5. Total other expenses (describe below) ............................................... $_____

FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX

Subtotal (A): $_____

B. Documented lost wages and compensation to date ...................................... $_____
C. Documented property damages to date ..................................................... $_____
D. Reasonably anticipated future medical and hospital expenses ....................... $_____
E. Reasonably anticipated lost wages .......................................................... $_____
F. Other documented items of damages (describe below) ................................. $_____

JUL 15 2019

CLERK

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

TOTAL (A-F):$_____

### CONTRACT CLAIMS
(attach additional sheets as necessary)

[ ] This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):

TOTAL: $ 30,000,000.00

Breach of contract, conversion, promissory estoppel and unjust enrichment claims relating to unpaid casino wagers.

**Signature of Attorney/ Unrepresented Plaintiff:** X _____ Date: Jul 15, 2019

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

## CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

**Signature of Attorney of Record:** X _____ Date: Jul 15, 2019

3

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                    SUPERIOR COURT DEPARTMENT

```
                                    )
A. RICHARD SCHUSTER,                )
individually and on behalf of all others )
similarly situated,                 )
        Plaintiff,                  )
                                    )
v.                                  )        C.A. No. 19-2010
                                    )
ENCORE BOSTON HARBOR,               )
WYNN MA, LLC, and                   )
WYNN RESORTS, LTD.,                 )
        Defendants.                 )
                                    )
```

**FILED**
IN THE OFFICE OF THE
**CLERK OF COURTS**
FOR THE COUNTY OF MIDDLESEX

**JUL 1 5 2019**

CLERK

### PLAINTIFF'S MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER

Pursuant to Rule 4(c) of the Massachusetts Rules of Civil Procedure, the plaintiff hereby moves that the Court appoint Constable Robert Messina and/or an Associate Constable from his office, a disinterested party and of legal age, as special process server for the purpose of serving all pleadings in this action.

Respectfully submitted,

_____
Joshua N. Garick (BBO #674603)
LAW OFFICES OF JOSHUA N. GARICK, P.C.
34 Salem Street, Suite 202
Reading, Massachusetts 01867
Phone: (617) 600-7520
Joshua@GarickLaw.com

*Counsel for Plaintiff and the Class*

7/15/19 Motion Allowed
Attest: _____
Deputy Assistant Clerk
( Henry J.)

Dated: July 15, 2019

4

## Commonwealth of Massachusetts

MIDDLESEX,SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 1981CV02010

FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE CO...

JUL 2 5 2019

A. Richard Schuster
_____ , PLAINTIFF(S),

V.

Encore Boston Harbor
_____ , DEFENDANT(S)
Wynn MA, LLC and Wynn Resorts, Ltd.

### SUMMONS

THIS SUMMONS IS DIRECTED TO Encore Boston Harbor . (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the
Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been
filed in the ___Woburn___ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1.  **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide
    the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the
    opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect
    to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an
    extension of time in writing from the Court.**

2.  **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a
    copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

    a.  Filing your **signed original** response with the Clerk's Office for Civil Business, Woburn Court,
        200 Trade Center (address), by mail or in person, **AND** Woburn, MA 01801

    b.  Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following
        address: Joshua N. Garick, Esq., 34 Salem St., Suite 202, Reading, MA 01867

3.  **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer
    must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint.
    Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to
    use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are
    based on the same facts or transaction described in the Complaint, then you must include those claims
    in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this
    lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your
    Answer or in a written demand for a jury trial that you must send to the other side and file with the
    court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a
    **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion
    to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If
    you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions"
    described in the rules of the Court in which the complaint was filed, available at
    www.mass.gov.courts/case-legal-res/rules of court.

4.  **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5.  **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____July 15_____, 20_19_.

_____

Michael A. Sullivan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on ___JULY 16, 2019___, 20_19_, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)): BY LEAVING IN HAND WITH THE CONCIERGE, MS. "JANE DOE" WHO REFUSED SERVICE. SAID SERVICE WAS MADE AT ENCORE BOSTON HARBOR, 1 BROADWAY, EVERETT, MA. ALSO SERVED WAS THE CIVIL ACTION COVER SHEET, TRACKING ORDER AND MOTION 4C

Dated: ___JULY 16,___, 20 _19_     Signature: _____
                                    CONSTABLE, MASS. RULE 4C

**N.B.   TO PROCESS SERVER:**

   **PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.**

JULY 16, ,20_19_

S

FILED
IN THE OFFICE OF THE
CLERK OF COURT
FOR THE COUNTY OF MIDDLESEX

JUL 2 5 2019

## Commonwealth of Massachusetts

MIDDLESEX,SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 1981CV02010

A. Richard Schuster _____, PLAINTIFF(S),

V.

Encore Boston Harbor
Wynn MA, LLC and Wynn Resorts, Ltd. DEFENDANT(S)

**SUMMONS**

THIS SUMMONS IS DIRECTED TO __Wynn MA, LLC__ . (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the __Woburn__ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

   a. Filing your **signed original** response with the Clerk's Office for Civil Business, __Court__ Court, 200 Trade Center (address), by mail or in person, **AND** Woburn, MA 01801

   b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: Joshua N. Garick, Esq., 34 Salem St., Suite 202, Reading, MA 01867

3. **What to include in your response.** An **"Answer"** is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required Information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on ___July 15___ , 20 __19__.

_____

Michael A. Sullivan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on ___JULY 15, 2019___ , 20 __19__, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)): BY GIVING IN HAND TO MR. ROSS DePINA OF CT CORPORATION SYTEM, AGENT FOR THE WITHIN NAMED DEFENDANT, WYNN, MA,LLC SAID SERVICE WAS MADE AT 155 FEDERAL STREET, BOSTON, MA. ALSO SERVED WAW WAS THE CIVIL ACTION COVER SHEET, TRACKING ORDER AND 4C MOTION.

Dated: ___JULY 15,___ , 20 __19__        Signature: _____
                                         CONSTABLE, MASS. RULE 4C

**N.B.    TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

JULY 15, , 20 __19__

*6*

## Commonwealth of Massachusetts

MIDDLESEX,SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 1981CV02010

A. Richard Schuster , PLAINTIFF(S),

V.

Encore Boston Harbor , DEFENDANT(S)
Wynn MA, LLC and Wynn Resorts, Ltd.

### SUMMONS

THIS SUMMONS IS DIRECTED TO  Wynn Resorts, Ltd.  . (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the
Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been
filed in the ____Woburn____ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1.  **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide
    the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the
    opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect
    to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an
    extension of time in writing from the Court.**

2.  **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a
    copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

    a.  Filing your **signed original** response with the Clerk's Office for Civil Business, __Woburn__ Court,
        200 Trade Center _____(address), by mail or in person, **AND** Woburn, MA 01801

    b.  Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following
        address: Joshua N. Garick, Esq., 34 Salem St., Suite 202, Reading, MA 01867

3.  **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer
    must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint.
    Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to
    use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are
    based on the same facts or transaction described in the Complaint, then you must include those claims
    in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this
    lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your
    Answer or in a written demand for a jury trial that you must send to the other side and file with the
    court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a
    **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion
    to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If
    you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions"
    described in the rules of the Court in which the complaint was filed, available at
    www.mass.gov.courts/case-legal-res/rules of court.

4. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on ___July 15___, 20 _19_.

Michael A. Sullivan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on ___JULY 15, 2019___, 20 _19_, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):BY GIVING IN HAND TO MR. ROSS DePINA OF CT CORPORATION SYSTEM, AGENT FOR THE WITHIN NAMED DEFENDANT,WYNN RESORTS, LTD. SAID SERVICE WAS MADE AT 155 FEDERAL STREET, BOSTON, MA ALSO SERVED WAS THE CIVIL ACTION COVER SHEET, TRACKING ORDER AND 4C MOTION.

Dated:___JULY 15,___, 20 _19_     Signature: _Samba Desrosien_
                                    CONSTABLE, MASS. RULE 4C

**N.B.    TO PROCESS SERVER:**

**PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.**

JULY 15,, 20 _19_

| CIVIL TRACKING ORDER (STANDING ORDER 1- 88) | DOCKET NUMBER 1981CV02010 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

**CASE NAME:**
A. Richard Schuster Individually and On behalf of all others similarly situated vs. Encore Boston Harbor et al

Michael A. Sullivan, Clerk of Court
Middlesex County

TO: File Copy

**COURT NAME & ADDRESS**
Middlesex County Superior Court - Woburn
200 Trade Center
Woburn, MA 01801

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION

### DEADLINE

|  | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court |  | 10/15/2019 |  |
| Response to the complaint filed (also see MRCP 12) |  | 11/12/2019 |  |
| All motions under MRCP 12, 19, and 20 | 11/12/2019 | 12/12/2019 | 01/13/2020 |
| All motions under MRCP 15 | 11/12/2019 | 12/12/2019 | 01/13/2020 |
| All discovery requests and depositions served and non-expert depositions completed | 05/11/2020 |  |  |
| All motions under MRCP 56 | 06/09/2020 | 07/09/2020 |  |
| Final pre-trial conference held and/or firm trial date set |  |  | 11/06/2020 |
| Case shall be resolved and judgment shall issue by |  |  | 07/14/2021 |

**The final pre-trial deadline is not the scheduled date of the conference.** You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to

| DATE ISSUED | ASSISTANT CLERK | PHONE |
|---|---|---|
| 07/15/2019 | **Maria Pantos** | (781)939-2781 |

SCV026R 08/2018

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
Civil Action No. 1981CV02010

A. RICHARD SCHUSTER, individually and on )
behalf of all others similarly situated, )

 Plaintiff, )

 v. )

ENCORE BOSTON HARBOR; WYNN MA, LLC; )
and WYNN RESORTS, LIMITED, )

 Defendants. )

FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX

AUG 0 5 2019

CLERK

## DEFENDANTS' NOTICE OF FILING OF REMOVAL

PLEASE TAKE NOTICE THAT, on August 5, 2019, Defendants, Wynn MA, LLC and

Wynn Resorts, Limited, removed the above-captioned action to the United States District Court

for the District of Massachusetts by filing a Notice of Removal in that Court. A copy of the

Notice of Removal is attached hereto as Exhibit A.

Pursuant to 28 U.S.C. § 1446(d), this Court "shall proceed no further unless and until the

case is remanded."

Respectfully submitted,

**WYNN MA, LLC and WYNN RESORTS,
LIMITED,**

By their attorneys,

Wayne F. Dennison (BBO #558879)
Joshua P. Dunn (BBO #685262)
Brown Rudnick LLP

One Financial Center
Boston, MA 02111
(617) 856-8200
wdennison@brownrudnick.com
jdunn@brownrudnick.com

August 5, 2019

## **CERTIFICATE OF SERVICE**

I, Joshua P. Dunn, of Brown Rudnick, LLP, do hereby certify that on August 5, 2019, a true copy of the above document was served upon the Plaintiff's attorney of record via U.S. mail.

Joshua P. Dunn

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

A. RICHARD SCHUSTER, individually and on
behalf of all others similarly situated,

        Plaintiff,

    v.

ENCORE BOSTON HARBOR; WYNN MA,
LLC; and WYNN RESORTS, LIMITED,

        Defendants.

NO.

## **DEFENDANTS' NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441, 1446, and 1453(b), Defendants, Wynn MA, LLC and Wynn Resorts, Limited (collectively, "Wynn"), hereby remove to this Court, the United States District Court for the District of Massachusetts, the above-captioned action that was initiated by plaintiff, A. Richard Schuster, individually and on behalf of all others similarly situated ("Schuster"), in the Superior Court of the Commonwealth of Massachusetts, Middlesex County.

Removal is authorized by 28 U.S.C. §§ 1441 and 1453, and this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), (d)(2) because Wynn and Schuster are of diverse citizenship and Schuster alleges that the amount in controversy in this class action exceeds $5,000,000, exclusive of interest and costs. In further support of this Notice of Removal, Wynn states as follows:

## **BACKGROUND**

1.    On or about July 15, 2019, Schuster filed the above-captioned action against Wynn and Encore Boston Harbor, the name of the resort and casino owned by Wynn, in the Massachusetts Superior Court for Middlesex County.

2.     According to the returns of service filed by Schuster in this action, the summons and Complaint was served on Wynn's registered agent in Massachusetts on July 15, 2019.

3.     The Complaint asserts claims against Wynn for: Breach of Contract (Count One); Unjust Enrichment (Count Two); Promissory Estoppel (Count Three); and Conversion/Theft (Count Four).

4.     The Complaint alleges that "there are thousands of class members." Compl., ¶ 50.

5.     The Civil Action Cover Sheet filed by Schuster and signed by his counsel in this case avers that the "TOTAL" amount of claimed damages is "$30,000,000.00."

6.     The Complaint seeks actual and statutory damages, treble damages, and attorneys' fees.

7.     The time for removal prescribed by 28 U.S.C. § 1446(b) has not expired.

## Grounds for Removal

8.     This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), (d)(2).

### Diversity of Citizenship

9.     This action is between "citizens of different states," id. § 1332(a)(1), and is a class action in which "any member of a class of plaintiffs is a citizen of a State different from any defendant," id. § 1332(d)(2)(A).

10.     Wynn Resorts, Limited is a Nevada corporation with its principal place of business in that state.

11.     Wynn MA, LLC is a limited liability company organized under the laws of Nevada with its principal place of business in that state. See 28 U.S.C. § 1332(d)(10).

-2-

Moreover, Wynn MA, LLC is wholly owned by its sole member, Wynn America, LLC. Wynn America, LLC is wholly owned by its sole member, Wynn Resorts Holdings, LLC. Wynn Resorts Holdings, LLC is wholly owned by its sole member, Wynn Resorts, Limited, a Nevada corporation with its principal place of business in that state.

12.     Encore Boston Harbor is not a legal entity, but is the name of the resort and casino that Wynn owns and operates in Massachusetts. Therefore, Encore Boston Harbor must be disregarded in determining whether this action is removable on diversity-of-citizenship grounds under § 1332. See id. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

13.     In the Complaint, Schuster alleges that he resides in the State of New York. Compl., ¶ 6. Upon information and belief, Schuster, the only named class member in this action, is a citizen of New York.

14.     Upon information and belief, at least one of the "thousands of class members," Compl., ¶ 50, is a citizen of a state other than Nevada. See 28 U.S.C. § 1332(d)(2)(A).

### Amount in Controversy

15.     Based on Schuster's allegations, the amount in controversy in this case exceeds the threshold set forth in 28 U.S.C. § 1332(d)(2).

16.     The Civil Action Cover Sheet filed by Schuster and signed by his counsel in this case avers that the "TOTAL" amount of claimed damages is "$30,000,000.00."

17.     The Complaint seeks actual and statutory damages, treble damages, and attorneys' fees.

-3-

18.     The amount claimed by Schuster in the Complaint and the Civil Action Cover Sheet—an indispensable component of the "initial pleading" that initiated the case in Massachusetts state court, 28 U.S.C. § 1446(c)(2), and an "other paper" in this action, id. § 1446(b)(3), (c)(3)(A)—"shall be deemed to be the amount in controversy," id. § 1446(c)(2).

19.     Therefore, the claims of the individual class members, when considered in the aggregate, see id. § 1332(d)(6), exceed the sum of $5,000,000, exclusive of interests and costs.

## Class Size

20.     There are more than 100 class members. See id. § 1332(d)(5)(B).

21.     The Complaint alleges that "there are thousands of class members." Compl., ¶ 50.

## The Procedural Requirements for Removal have been Satisfied

22.     This notice of removal has been filed within 30 days after the receipt by Wynn of the Complaint. See id. § 1446(b)(1).

23.     Copies of all process, pleadings, and orders served upon Wynn are attached as exhibits to this Notice of Removal. See id. § 1446(a).

24.     All defendants who have been properly joined and served consent to removal of this action. See id. § 1446(b)(2)(A).

25.     This action has been removed to the district court of the United States for the district and division embracing the place where this action was pending in state court. See id. §§ 1441(a), 1446(a).

26.     This class action was commenced after the Class Action Fairness Act's effective date of February 18, 2005.

-4-

27.     Wynn will provide prompt written notice of the filing of this Notice of Removal

to Schuster and will file a copy of the notice with the Clerk of the Massachusetts Superior Court

for Middlesex County. See id. § 1446(d).

## Non-Waiver of Defenses

28.     By removing this action from Massachusetts Superior Court, Wynn does not

waive any defenses available to it.

29.     By removing this action from Massachusetts Superior Court, Wynn does not

admit any of the allegations of the Complaint.

**WHEREFORE**, Wynn removes the above-captioned action from Massachusetts

Superior Court to the United States District Court for the District of Massachusetts.

Dated: August 5, 2019

Respectfully submitted,

*/s/ Wayne F. Dennison*
Wayne F. Dennison (BBO #558879)
Joshua P. Dunn (BBO #685262)
BROWN RUDNICK LLP
One Financial Center
Boston, MA 02111
(617) 856-8200
wdennison@brownrudnick.com
jdunn@brownrudnick.com

*Attorneys for Defendants*
*Wynn MA, LLC; and Wynn Resorts, Limited*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document was served upon the attorney of record for

the Plaintiff via U.S. mail on August 5, 2019.

*/s/ Joshua P. Dunn*
Joshua P. Dunn

-5-

# EXHIBIT 1

| CIVIL ACTION COVER SHEET | DOCKET NUMBER<br>19-2010 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| PLAINTIFF(S): A. RICHARD SCHUSTER | | COUNTY<br>Middlesex |
|---|---|---|
| **ADDRESS:** | | |
| 219 E. 69th Street | **DEFENDANT(S):** ENCORE BOSTON HARBOR | |
| New York, NY 10021 | WYNN MA, LLC | |
| **ATTORNEY:** JOSHUA N. GARICK, ESQ. | WYNN RESORTS, LTD. | |
| **ADDRESS:** Law Offices of Joshua N. Garick, P.C. | **ADDRESS:** | |
| 34 Salem Street, Suite 202 | 1 Broadway | |
| Reading, MA 01867 | Everett, MA 02149 | |
| **BBO:** 674603 | | |

**TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| A99 | Other Contract/Business Action | F | ☒ YES ☐ NO |

**"If "Other" please describe:** Claims relating to unpaid casino wagers.

Is there a claim under G.L. c. 93A?      ☐ YES   ☒ NO

Is this a class action under Mass. R. Civ. P. 23?      ☒ YES   ☐ NO

**STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
    1. Total hospital expenses ......................................................................... $_____
    2. Total doctor expenses ......................................................................... $_____
    3. Total chiropractic expenses ......................................................................... $_____
    4. Total physical therapy expenses ......................................................................... $_____
    5. Total other expenses (describe below) ......................................................................... $_____
                                               Subtotal (A): $_____

B. Documented lost wages and compensation to date ......................................................................... $_____
C. Documented property damages to date ......................................................................... $_____
D. Reasonably anticipated future medical and hospital expenses ......................................................................... $_____
E. Reasonably anticipated lost wages ......................................................................... $_____
F. Other documented items of damages (describe below) ......................................................................... $_____

*(stamp:)* FILED IN THE OFFICE OF THE CLERK OF COURTS FOR THE COUNTY OF MIDDLESEX
JUL 15 2019
CLERK

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

TOTAL (A-F):$_____

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):

TOTAL: $ 30,000,000.00

Breach of contract, conversion, promissory estoppel and unjust enrichment claims relating to unpaid casino wagers.

**Signature of Attorney/ Unrepresented Plaintiff: X** _____      Date: Jul 15, 2019

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION PURSUANT TO SJC RULE 1:18**
I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

**Signature of Attorney of Record: X** _____      Date: Jul 15, 2019

# EXHIBIT 2

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss. SUPERIOR COURT DEPARTMENT

| | |
|---|---|
| A. RICHARD SCHUSTER, *individually and on behalf of all others similarly situated,* Plaintiff, v. ENCORE BOSTON HARBOR, WYNN MA, LLC, and WYNN RESORTS, LTD., Defendants. | C.A. No. 19-2010 **FILED** IN THE OFFICE OF THE **CLERK OF COURTS** FOR THE COUNTY OF MIDDLESEX JUL 1 5 2019 CLERK |

## CLASS ACTION COMPLAINT AND JURY DEMAND

### I. INTRODUCTION

1. In casino gaming, it is said that the house always wins. With the odds so drastically in its favor, it is unfathomable that a casino would intentionally resort to cheating so as to increase its statistical edge over the player *even more*. The Encore Boston Harbor casino ("Encore") has done just that. The Encore has disregarded Massachusetts law and ignored established rules of the game of Blackjack to increase its statistical advantage and lower the lawful payouts owed to its customers.

2. Specifically, Encore has willfully and intentionally paid its customers odds of 6 to 5 when a player is dealt a "blackjack," when Massachusetts law clearly and unambiguously states that a player who is dealt a "blackjack" "shall be paid at odds of 3 to 2." *See Massachusetts Gaming Commission*, RULES OF BLACKJACK (Feb. 11, 2019), at ¶ 3(e) (hereinafter the "Rules of Blackjack").[1]

---

[1] https://massgaming.com/wp-content/uploads/RULES-Blackjack-2-11-19.pdf

1

3. While this may not sound significant, an analysis using conservative estimates and assumptions suggests that the aggregate loss to Massachusetts consumers is astounding. Assuming an average wager of $50.00 per hand and 80 hands of Blackjack per hour, Encore's customers can expect to lose $35.60 per hour *more than* the losses they are already expected to incur in a fair Blackjack game that complies with Massachusetts law.[2] The math is even more disturbing when you multiply this average expected loss by five players per table, by 20 tables offering the crooked Blackjack game at any given time, and by 24 hours the casino is open each day. This means Encore is stealing $85,440.00 from its customers each day, or well in excess of $30 million each year.

4. Encore is not content on stealing money from only its customers who play table games; Encore has also found a way to take money from its slot customers, too. When a slot player cashes out his or her winnings at a ticket redemption machine positioned throughout the casino, these machines only pay out in whole dollar amounts, without paying change, and without instruction on how to obtain the balance. The unredeemed change, therefore, is never returned to the player and is simply added to Encore's coffers.

5. This lawsuit seeks to return the millions of dollars Encore has brazenly stolen and will continue to steal from its customers unless and until it changes its practices to conform with Massachusetts law.

**II.    PARTIES**

6. Plaintiff A. Richard Schuster ("Plaintiff") resides in the State of New York.

7. Encore Boston Harbor ("Encore") is a luxury resort casino located at 1 Broadway, Everett, Middlesex County, Massachusetts.

---

[2] *See* https://www.blackjackinfo.com/no-6-to-5-blackjack/.

2

8. Wynn MA, LLC is a Nevada limited liability company with a principal place of business in Everett, Middlesex County, Massachusetts.

9. Wynn Resorts, Ltd. is a Nevada limited liability company with a principal place of business in Everett, Middlesex County, Massachusetts.

10. Wynn MA, LLC and Wynn Resorts, Ltd. operate Encore and are licensed to offer casino gaming.

## III. FACTUAL BACKGROUND

### A. BACKGROUND RELATING TO ALL CLAIMS

11. Encore is a beautiful facility, with a $2.6 billion cost to build, that boasts 144 table games and over 3,100 slot machines available to its customers.

12. In September of 2014, defendants were granted a license by the Massachusetts Gaming Commission to operate a gaming casino in Everett, Massachusetts.

13. As an express condition of licensure, Encore is only authorized to offer for play those table games and their rules authorized by the Massachusetts Gaming Commission. *See* 205 CODE. MASS. REGS., § 147.02.

14. On June 23, 2019, Encore had its grand opening to the general public.

15. To participate in any casino gaming, customers must convert cash into either casino chips that can be used at table games or slot machine credits that can be used to play slots. At the conclusion of a gambling session, any un-wagered chips or credits are supposed to be refunded to the customer.

### B. ENCORE CHEATS AT BLACKJACK TO INCREASE THE CASINO'S ADVANTAGE

16. One of the table games offered to Encore's customers is Blackjack.

17. Blackjack is a card game, the object of which is simply to get more points (i.e., by

3

totaling the value of your cards) than the dealer without going over a combined value of 21.

18.     All players and the dealer are dealt two cards. Only one of the dealer's cards is shown to the player. If a player's first two cards include one ace and one card with a value of ten (which includes a ten, jack, queen or king), that player has been dealt a "blackjack," which, pursuant to the Rules of Blackjack, "shall be paid at odds of 3 to 2." *See* RULES OF BLACKJACK, at 3(e).[3]

19.     For example, if a player places a wager of $50.00 and is dealt a "blackjack," he or she will be paid $75.00 (i.e., a payout ratio of 3:2).

20.     Many of the Blackjack games offered on the main casino floor fail to comply with the Rules of Blackjack.[4] At these non-compliant Blackjack tables, Encore inexplicably makes a payout of 6:5 if a player has been dealt a "blackjack."

21.     Under these less favorable payout rules, if a player placed the same $50.00 wager as the previous example, and is dealt a "blackjack," Encore will only pay the player $60.00 (i.e., a payout ratio of 6:5).

22.     The Rules of Blackjack do authorize a payout of 6:5 in limited situations, but this is only when the casino offers the "6 to 5 blackjack variation," which, itself, has its own set of defined rules articulated by the Massachusetts Gaming Commission.

23.     The "6 to 5 blackjack variation" of Blackjack differs from the traditional

---

[3] A "blackjack" is legally defined as "an ace and any card having a point value of 10 dealt as the initial two cards to a player or a dealer except that this shall not include an ace and a ten point value card dealt to a player who has split pairs." *See id.*, at 1.

[4] Plaintiff concedes that not all Blackjack tables at Encore violate Massachusetts law. Upon information and belief, most of Encore's compliant Blackjack tables are offered exclusively in the upper terrace level of the casino – an area that, according to prominent signage, is reserved for Encore's high rollers. The non-complaint Blackjack tables are found on the main casino floor which is open to the general public without restriction.

4

Blackjack game because it is played with either a single deck or two stacked decks of cards. *See* RULES OF BLACKJACK, at §§ 2(a)(1) and 6a(b). Conversely, a traditional game is played with a shoe of six or eight decks of cards. *See id.*, at § 2(a)(4). Under the "6 to 5 blackjack variation," the players are dealt two cards faced down, and are then permitted to "pick up and evaluate the two cards dealt to him or her." *Id.*, at 6a(d). Conversely, players are dealt two cards faced up and are not permitted to touch the cards under the traditional Rules of Blackjack. *See id.*, at § 6(e).

24.    The following chart illustrates the difference between traditional Blackjack and "6 to 5 blackjack variation," as articulated in the Rules of Blackjack:

|  | **Traditional** | **6 to 5 Variation** |
|---|---|---|
| **Decks per Shoe** | 6 or 8 | 1 or 2 |
| **Cards Dealt** | Face Up | Face Down |
| **Touching Cards** | Not Allowed | Allowed |
| **Hit Soft 17** | Yes or No | Yes |
| **"Blackjack" Payout** | 3:2 | 6:5 |

25.    These rule differences are important because it alters, significantly, the casino's statistical advantage. Playing Blackjack with a single deck or double deck increases the player's advantage by .48% or .19%, respectively. *See Wizard of Odds Consulting, Inc.*, BLACKJACK RULE VARIATIONS (Jan. 21, 2019), accessible at <https://wizardofodds.com/games/blackjack/rule-variations/>. Because the player is gaining these advantages, the casino is permitted to offset this edge by coupling these rules with other rules designed to reduce the player advantage.

26.    A dealer hitting on a soft-17 reduces the player advantage by .22%. *See id.*[5]

---

[5] In Blackjack, an "ace" can have the value of either 1 or 11. *See* RULES OF BLACKJACK, at § 2(b)(3). A "soft total" is defined as "the total point count of a hand containing an ace when the ace is counted as 11 in value." *Id.*, at § 1. Thus, a soft-17 would be, for example, an ace and a six. While the casino has the option to either hit or stand on soft-17, if the casino elects the later, it is doing so intentionally so as to increase the house advantage to the detriment of the player. *See id.*, at § 12(b).

27. Similarly, using the 6:5 payout for "blackjack" reduces the player advantage by 1.39%. *See id.*

28. Upon information and belief, Encore does not offer the actual "6 to 5 blackjack variation" that is authorized by law, as there are no single or two deck shoes, cards are dealt to players face up, and the players are not allowed to touch the cards.

29. Instead, in violation of Massachusetts law, Encore has coupled the "6 to 5 blackjack variation" rules that are favorable to the house, with the traditional rules that are also favorable to the house. This is designed to maximize the casino's advantage far in excess of that which is permitted under either variation of Blackjack that is approved by the Massachusetts Gaming Commission. Instead of playing by these established rules, Encore has created its own set of rules as follows:

|  | **Encore Rules** |
|---|---|
| **Decks per Shoe** | 8 |
| **Cards Dealt** | Face up |
| **Touching Cards** | Not Allowed |
| **Hit Soft 17** | Yes |
| **"Blackjack" Payout** | 6:5 |

30. This unlawful set of rules created unilaterally by Encore has resulted in decreased payouts to players, increased losses to players, and increased profits to Encore.

31. This unlawful set of rules is not permitted under Massachusetts law.

## C. ENCORE FAILS TO PAY OUT SLOT WINNINGS

32. To play slot machines, a player deposits cash into the slot machine, which is converted to credits that can be used to make a wager.

33. At the conclusion of any wager, the players can "cashout" any unused credits remaining on the slot machine. When the player hits the "cashout" button, the machine prints a ticket that can be redeemed at ticket redemption machines positioned throughout the casino.

6

34.    These ticket redemption machines look like ATM machines. Once the ticket is inserted, the machine is supposed to dispense cash to the customer in the amount of the ticket.

35.    The ticket redemption machines, however, only pay out whole dollar amounts, without change, and without instruction on how to redeem the balance.

36.    Encore always rounds down, meaning a player will forfeit any amounts of the ticket above the last whole dollar amount.

37.    All unclaimed funds are retained by Encore.

**D.    FACTS RELATING TO PLAINTIFF'S GAMING EXPERIENCE AT ENCORE**

38.    On July 11, 2019, Plaintiff gambled at Encore.

39.    Plaintiff played several table games at Encore, including Blackjack.

40.    At the Blackjack table, the dealer used an eight deck shoe.

41.    At the Blackjack table, the players, including the Plaintiff, were not allowed to touch the cards, and all cards were dealt face up.

42.    At the Blackjack table, Encore made 6:5 payouts when a player was dealt a "blackjack."

43.    The plaintiff was, in fact, dealt several "blackjacks" while playing Blackjack. However, he only received a payout of 6:5 when he was dealt each "blackjack."

44.    The Plaintiff also played slots while at Encore.

45.    When the Plaintiff cashed out his balances on the slot machines, he was given tickets with the balance owed to him.

46.    The Plaintiff attempted to cashout these tickets at ticket redemption centers positioned throughout the casino. However, Encore only paid out whole dollars, and failed to pay the balance due on these tickets.

7

47.     As a result, the Plaintiff never received the full amount of slot credits that he was owed.

## E.     CLASS ACTION ALLEGATIONS[6]

48.     Plaintiff brings this action on behalf of himself and as a class action, pursuant to the provisions of Rules 23(a) and (b) of the Massachusetts Rules of Civil Procedure and G. L. c. 93A, § 9(2) on behalf of a class consisting of all Encore Boston Harbor casino customers who played a slot machine or Blackjack at a table offering a payout of 6 to 5 when being dealt a "blackjack."[7]

49.     Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

50.     Numerosity – MASS. R. CIV. P. 23(a)(1). The class is so numerous that individual joinder of all class members is impracticable. Plaintiff believes that there are thousands of class members. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

51.     Commonality and Predominance – MASS. R. CIV. P. 23(a)(2) and 23(b). This action involves common questions of law and fact, which predominate over any questions

---

[6] The Plaintiff intends to amend this Complaint to include a cause of action under G. L. c. 93A for unfair and deceptive business practices. This amendment is anticipated if, after the defendants are given 30 days to respond to a demand, a reasonable offer of settlement is not made to Plaintiff and members of the class. After amendment, the Plaintiff will pursue class certification under standards enumerated in either MASS. R. CIV. P. 23 or G. L. c. 93A, § 9.

[7] The Plaintiff reserves the right to amend the class definition if further information and discovery indicates that the class definition should be narrowed, expanded, or otherwise modified, including but not limited to, the creation of multiple classes or subclasses.

8

affecting only individual class members. All class members were subject to the same deception, and all involve common questions of law and fact.

52. Typicality – MASS. R. CIV. P. 23(a)(3). Plaintiff's claims are typical of the claims of the other members of the class because, among other things, all class members were similarly injured through the uniform misconduct described herein and all class members have the same claim, *i.e.,* that Encore violated the Rules of Blackjack by paying 6 to 5 odds when a player is dealt a "Blackjack," and by only paying whole dollars to slot players attempting to monetize their cashout tickets.

53. Adequacy of Representation – MASS. R. CIV. P. 23(a)(4) and G. L. c. 93A, § 9(2). Plaintiff is an adequate class representative because his interests do not conflict with the interests of the other members of the class he seeks to represent; he has retained counsel competent and experienced in class action litigation, and Plaintiff intends to prosecute this action vigorously. The class' interests will be fairly and adequately protected by Plaintiff and counsel.

54. Similarly Situated and Injured Persons – G. L. c. 93A, § 9(2). The proposed class consists of customers who have suffered the same injury as the Plaintiff and who, for the reasons stated above, are similarly situated to each other and to the Plaintiff.

55. Superiority – MASS. R. CIV. P. 23(b). A class action is superior to any other available methods for fairly and efficiently adjudicating this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages suffered by Plaintiff and the other members of the class are relatively small compared to the burden and expense that would be required to individually litigate their claims against Encore, so it would be impracticable for class members to individually seek redress for Encore's wrongful conduct. Even if the class members could afford individual litigation, the court system could

9

not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## IV. CAUSES OF ACTION

### COUNT ONE
### BREACH OF CONTRACT

56. The Plaintiff readopts and realleges the preceding paragraphs, and incorporates them into this count.

57. Plaintiff and members of the class entered into a contract with Encore to play Blackjack with the understanding that all wagers would comply with the Rules of Blackjack enumerated by the Massachusetts Gaming Commission.

58. Plaintiff and members of the class entered into a contract with Encore to make slot wagers with the understanding that all credits remaining on the slot machine could be redeemed in full at the player's sole option.

59. Plaintiff and members of the class have fully performed all covenants, conditions and obligations required by them, except to the extent made impossible by the defendants.

60. The defendants breached these contracts by failing to conduct Blackjack games in accordance with the Rules of Blackjack. This includes, without limitation, reducing a "blackjack" payout from 3:2 to 6:5 (i.e., an additional 20% vig).

61. The defendants breached these contracts by failing to refund all slot credits in full.

62. As a direct and proximate cause of these breaches, Plaintiff and members of the class have incurred significant financial damages.

10

## COUNT TWO
### UNJUST ENRICHMENT

63.    Plaintiff readopts and realleges the preceding paragraphs, and incorporates them into this count.

64.    All monies paid to defendants that should have been paid or returned to Plaintiff and members of the class constitute a benefit that the defendants aggressively sought and voluntarily accepted.

65.    Retention of these benefits would violate fundamental principles of justice, equity and good conscience.

## COUNT THREE
### PROMISSORY ESTOPPEL

66.    Plaintiff readopts and realleges the preceding paragraphs, and incorporates them into this count.

67.    Defendants promised to Plaintiff and members of the class that all Blackjack wagers would comply with the Rules of Blackjack enumerated by the Massachusetts Gaming Commission.

68.    Defendants promised Plaintiff and members of the class that all credits remaining on slot machines could be redeemed in full at the player's sole option.

69.    Plaintiff and members of the class reasonably relied on these promises to their economic detriment.

70.    As a direct and proximate cause of these breached promises, Plaintiff and members of the class have incurred significant financial damage.

## COUNT FOUR
### CONVERSION/THEFT

71.    Plaintiff readopts and realleges the preceding paragraphs, and incorporates them

11

into this count.

72.    Plaintiff and members of the class paid money to the defendants for the opportunity to gamble at Encore.

73.    These monies were converted to casino chips or slot credits that could be used to make wagers at the casino.

74.    All remaining chips and slot credits that were not wagered were refundable at any time.

75.    The defendants have unlawfully and wrongfully exercised dominion and control over Plaintiff's and members of the class' money by withholding and otherwise failing to pay 20% of the player's winnings when being dealt a "blackjack" in violation of Massachusetts law and the Rules of Blackjack.

76.    The defendants have unlawfully and wrongfully exercised dominion and control over Plaintiff's and members of the class' money by withholding and otherwise failing to pay change remaining on slot machine cashout tickets.

77.    Plaintiff and members of the class have an ownership and/or possessory right in these monies as they are either: (1) payouts due in accordance with Massachusetts law and the Rules of Blackjack; or (2) un-wagered funds belonging to the player.

78.    As a direct and proximate cause of these unlawful acts, Plaintiff and members of the class have incurred significant financial damage.

## V.    PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that the Court order the following relief:

A.    An order certifying the class as requested herein;

12

B.     Actual and statutory damages;

C.     Treble damages as required by law;

D.     An order enjoining defendants from continuing to engage in the unlawful conduct alleged herein;

E.     Attorneys' fees and costs to plaintiffs and the class; and

F.     Such other and further relief as may be just and proper.

## JURY DEMAND

The Plaintiff, individually and on behalf of all others similarly situated, hereby demands

a trial by jury of all claims in this Complaint so triable.

Respectfully submitted,

Joshua N. Garick (BBO #674601)
LAW OFFICES OF JOSHUA N. GARICK, P.C.
34 Salem Street, Suite 202
Reading, Massachusetts 01867
Phone: (617) 600-7520
Joshua@GarickLaw.com

*Counsel for Plaintiff and the Class*

Dated: July 15, 2019

13

# EXHIBIT 3

| CIVIL TRACKING ORDER (STANDING ORDER 1- 88) | DOCKET NUMBER 1981CV02010 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

**CASE NAME:**
A. Richard Schuster Individually and On behalf of all others similarly situated vs. Encore Boston Harbor et al

Michael A. Sullivan, Clerk of Court
Middlesex County

TO: File Copy

COURT NAME & ADDRESS
Middlesex County Superior Court - Woburn
200 Trade Center
Woburn, MA 01801

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                                    DEADLINE

|  | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court |  | 10/15/2019 |  |
| Response to the complaint filed (also see MRCP 12) |  | 11/12/2019 |  |
| All motions under MRCP 12, 19, and 20 | 11/12/2019 | 12/12/2019 | 01/13/2020 |
| All motions under MRCP 15 | 11/12/2019 | 12/12/2019 | 01/13/2020 |
| All discovery requests and depositions served and non-expert depositions completed | 05/11/2020 |  |  |
| All motions under MRCP 56 | 06/09/2020 | 07/09/2020 |  |
| Final pre-trial conference held and/or firm trial date set |  |  | 11/06/2020 |
| Case shall be resolved and judgment shall issue by |  |  | 07/14/2021 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time. Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service. This case is assigned to

| DATE ISSUED | ASSISTANT CLERK | PHONE |
|---|---|---|
| 07/15/2019 | **Maria Pantos** | (781)939-2781 |

# EXHIBIT 4

3

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                    SUPERIOR COURT DEPARTMENT

)
A. RICHARD SCHUSTER,                          )
*individually and on behalf of all others*      )
*similarly situated,*                              )
    Plaintiff,                              )
                        )
v.                                                 )       C.A. No. $19-2010$
                        )
ENCORE BOSTON HARBOR,                    )       **FILED**
WYNN MA, LLC, and                            )       IN THE OFFICE OF THE
                        )       **CLERK OF COURTS**
WYNN RESORTS, LTD.,                        )       FOR THE COUNTY OF MIDDLESEX
    Defendants.                             )       **JUL 1 5 2019**
                        )

## PLAINTIFF'S MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER

Pursuant to Rule 4(c) of the Massachusetts Rules of Civil Procedure, the plaintiff hereby

moves that the Court appoint Constable Robert Messina and/or an Associate Constable from his

office, a disinterested party and of legal age, as special process server for the purpose of serving

all pleadings in this action.

Respectfully submitted,

Joshua N. Garick (BBO #674603)
LAW OFFICES OF JOSHUA N. GARICK, P.C.
34 Salem Street, Suite 202
Reading, Massachusetts 01867
Phone: (617) 600-7520
Joshua@GarickLaw.com

*Counsel for Plaintiff and the Class*

7/15/19 Motion Allowed
Attest:_____
           Deputy Assistant Clerk
(_____J.)

Dated: July 15, 2019

# EXHIBIT 5

4

IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY

FILED

JUL 2 5 2019

## Commonwealth of Massachusetts

MIDDLESEX,SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 1981CV02010

A. Richard Schuster _____, PLAINTIFF(S),

V.

Encore Boston Harbor _____, DEFENDANT(S)
Wynn MA, LLC and Wynn Resorts, Ltd.

### SUMMONS

THIS SUMMONS IS DIRECTED TO Encore Boston Harbor _____ . (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Woburn _____ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your **signed original** response with the Clerk's Office for Civil Business, Woburn _____ Court, 200 Trade Center _____ (address), by mail or in person, **AND** Woburn, MA 01801
   b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: Joshua N. Garick, Esq., 34 Salem St., Suite 202, Reading, MA 01867

3. **What to include in your response.** An **"Answer"** is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4.   **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5.   **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on ___July 15___ , 20 _19_.

Michael A. Sullivan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on___JULY 16, 2019___ , 20_19_, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)): BY LEAVING IN HAND WITH THE CONCIERGE, MS. "JANE DOE" WHO REFUSED SERVICE. SAID SERVICE WAS MADE AT ENCORE BOSTON HARBOR, 1 BROADWAY, EVERETT, MA. ALSO SERVED WAS THE CIVIL ACTION COVER SHEET, TRACKING ORDER AND MOTION 4C

Dated:___JULY 16,___ , 20 _19_          Signature: _James Desposito_
                                         CONSTABLE, MASS. RULE 4C

**N.B.   TO PROCESS SERVER:**

**PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.**

JULY 16, , 20 _19_

# EXHIBIT 6

S

FILED
IN THE OFFICE OF THE
CLERK OF COURT
FOR THE COURT...

JUL 2 5 2019

CLERK

## Commonwealth of Massachusetts

MIDDLESEX,SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 1981CV02010

A. Richard Schuster, PLAINTIFF(S),

V.

Encore Boston Harbor
Wynn MA, LLC and Wynn Resorts, Ltd. DEFENDANT(S)

**SUMMONS**

THIS SUMMONS IS DIRECTED TO Wynn MA, LLC . (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Woburn Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court <u>and</u> mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

    a. Filing your **signed original** response with the Clerk's Office for Civil Business, Court Court, 200 Trade Center (address), by mail or in person, **AND** Woburn, MA 01801

    b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: Joshua N. Garick, Esq., 34 Salem St., Suite 202, Reading, MA 01867

3. **What to include in your response.** An **"Answer"** is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4.  **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5.  **Required Information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on ____July 15____ , 20 _19_.

Michael A. Sullivan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on____JULY 15, 2019___ , 20_19_, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)): BY GIVING IN HAND TO MR. ROSS DePINA OF CT CORPORATION SYTEM, AGENT FOR THE WITHIN NAMED DEFENDANT, WYNN, MA,LLC SAID SERVICE WAS MADE AT 155 FEDERAL STREET, BOSTON, MA. ALSO SERVED WAW WAS THE CIVIL ACTION COVER SHEET, TRACKING ORDER AND 4C MOTION.

Dated:_____JULY 15,___ , 20 _19_      Signature: _Dame Deaselin_
                                                    CONSTABLE, MASS. RULE 4C

**N.B.  TO PROCESS SERVER:**

**PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.**

JULY 15, , 20 _19_

# EXHIBIT 7

*6*

IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX

JUL 2 5 2019

CLERK

## Commonwealth of Massachusetts

MIDDLESEX,SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 1981CV02010

A. Richard Schuster , PLAINTIFF(S),

V.

Encore Boston Harbor , DEFENDANT(S)
Wynn MA, LLC and Wynn Resorts, Ltd.

**SUMMONS**

THIS SUMMONS IS DIRECTED TO Wynn Resorts, Ltd. . (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the
Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been
filed in the Woburn Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide
the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the
opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect
to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an
extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a
copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

   a. Filing your **signed original** response with the Clerk's Office for Civil Business, Woburn Court,
   200 Trade Center (address), by mail or in person, **AND** Woburn, MA 01801

   b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following
   address: Joshua N. Garick, Esq., 34 Salem St., Suite 202, Reading, MA 01867

3. **What to include in your response.** An **"Answer"** is one type of response to a Complaint. Your Answer
must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint.
Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to
use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are
based on the same facts or transaction described in the Complaint, then you must include those claims
in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this
lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your
Answer or in a written demand for a jury trial that you must send to the other side and file with the
court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a
**"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion
to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If
you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions"
described in the rules of the Court in which the complaint was filed, available at
www.mass.gov.courts/case-legal-res/rules of court.

4. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on ___July 15___ , 20 19.

_____

Michael A. Sullivan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on___JULY 15, 2019___, 20 19, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)): BY GIVING IN HAND TO MR. ROSS DePINA OF CT CORPORATION SYSTEM, AGENT FOR THE WITHIN NAMED DEFENDANT, WYNN RESORTS, LTD. SAID SERVICE WAS MADE AT 155 FEDERAL STREET, BOSTON, MA ALSO SERVED WAS THE CIVIL ACTION COVER SHEET, TRACKING ORDER AND 4C MOTION.

Dated:___JULY 15,___ , 20 19      Signature: _Jamba Desrosiles_
                                   CONSTABLE, MASS. RULE 4C

**N.B.     TO PROCESS SERVER:**

**PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.**

JULY 15, , 20 19

# EXHIBIT 8

Skip to main content

# 1981CV02010 A. Richard Schuster Individually and On behalf of all others similarly situated vs. Encore Boston Harbor et al

Case Type
Contract / Business Cases

Case Status
Open

File Date
07/15/2019

DCM Track:
F - Fast Track

Initiating Action:
Other Contract Action

Status Date:
07/15/2019

Case Judge:

Next Event:

| All Information | Party | Tickler | Docket | Disposition |
|---|---|---|---|---|

## Party Information

**Schuster, A. Richard**
**- Plaintiff**

| Alias | **Party Attorney** |
|---|---|
| | • Attorney |
| | • Garick, Esq., Joshua |
| | • Bar Code |
| | • 674603 |
| | • Address |
| | • Law Offices of Joshua N. Garick, P.C. |
| | 34 Salem St |
| | Suite 202 |
| | Reading, MA 01867 |
| | • Phone Number |
| | • (617)600-7520 |

More Party Information

**Encore Boston Harbor**
**- Defendant**

| Alias | **Party Attorney** |
|---|---|

More Party Information

**Wynn MA, LLC**
**- Defendant**

| Alias | **Party Attorney** |
|---|---|

More Party Information

**Wynn Resorts, LTD**
**- Defendant**

| Alias | **Party Attorney** |
|---|---|

More Party Information

## Ticklers

| Tickler | Start Date | Due Date | Days Due | Completed Date |
|---|---|---|---|---|
| Service | 07/15/2019 | 10/15/2019 | 92 | |
| Answer | 07/15/2019 | 11/12/2019 | 120 | |
| Rule 12/19/20 Served By | 07/15/2019 | 11/12/2019 | 120 | |
| Rule 12/19/20 Filed By | 07/15/2019 | 12/12/2019 | 150 | |
| Rule 12/19/20 Heard By | 07/15/2019 | 01/13/2020 | 182 | |
| Rule 15 Served By | 07/15/2019 | 11/12/2019 | 120 | |
| Rule 15 Filed By | 07/15/2019 | 12/12/2019 | 150 | |
| Rule 15 Heard By | 07/15/2019 | 01/13/2020 | 182 | |
| Discovery | 07/15/2019 | 05/11/2020 | 301 | |
| Rule 56 Served By | 07/15/2019 | 06/09/2020 | 330 | |
| Rule 56 Filed By | 07/15/2019 | 07/09/2020 | 360 | |
| Final Pre-Trial Conference | 07/15/2019 | 11/06/2020 | 480 | |
| Judgment | 07/15/2019 | 07/14/2021 | 730 | |

## Docket Information

| Docket Date | Docket Text | File Ref Nbr. |
|---|---|---|
| 07/15/2019 | Attorney appearance<br>On this date Joshua Garick, Esq. added for Plaintiff A. Richard Schuster | |
| 07/15/2019 | Case assigned to:<br>DCM Track F - Fast Track was added on 07/15/2019 | |
| 07/15/2019 | Original civil complaint filed. | 1 |
| 07/15/2019 | Civil action cover sheet filed. | 2 |
| 07/15/2019 | Demand for jury trial entered. | |
| 07/15/2019 | A. Richard Schuster Individually and On behalf of all others similarly situated's MOTION for appointment of Special Process Server.<br>to appoint Robert Messina and/or Associates Constable. Dated:07/15/2019, Motion ALLOWED. Copy given in hand on 07/15/2019 | 3 |
| 07/25/2019 | Service Returned for<br>Defendant Encore Boston Harbor: Service through person in charge / agent;<br><br>07/16/2019, in hand to Ms. "Jane Doe", 1 Broadway, Everett, MA | 4 |
| 07/25/2019 | Service Returned for<br>Defendant Wynn MA, LLC: Service through person in charge / agent;<br><br>07/15/2019, in hand to Ross DePina, 155 Federal Street, Boston, MA | 5 |
| 07/25/2019 | Service Returned for<br>Defendant Wynn Resorts, LTD: Service through person in charge / agent;<br><br>07/15/2019, in hand to Ross DePina, 155 Federal Street, Boston, MA | 6 |

## Case Disposition

| Disposition | Date | Case Judge |
|---|---|---|
| Pending | | |

# EXHIBIT 9

# CIVIL COVER SHEET

Case 1:19-cv-11670-TV Document 1-9 Filed 08/05/19 Page 2 of 3

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| A. Richard Schuster, individually and on behalf of all others similarly situated | Encore Boston Harbor, Wynn MA, LLC, and Wynn Resorts, LTD |

| **(b)** County of Residence of First Listed Plaintiff _____ | County of Residence of First Listed Defendant    Middlesex County |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)*<br>Joshua N. Garick, LAW OFFICES OF JOSHUA N. GARICK, P.C.<br>34 Salem Street, Suite 202<br>Reading, MA 01867  (617) 600-7520 | Attorneys *(If Known)*<br>Wayne F. Dennison, Brown Rudnick LLP<br>One Financial Center<br>Boston, MA 02111 |
|---|---|

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ❐ 1  U.S. Government<br>        Plaintiff | ❐ 3  Federal Question<br>        *(U.S. Government Not a Party)* |
| ❐ 2  U.S. Government<br>        Defendant | ☒ 4  Diversity<br>        *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                            *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❐ 1 | ❐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ❐ 4 | ❐ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ❐ 5 | ❐ 5 |
| Citizen or Subject of a<br>Foreign Country | ❐ 3 | ❐ 3 | Foreign Nation | ❐ 6 | ❐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❐ 625 Drug Related Seizure | ❐ 422 Appeal 28 USC 158 | ❐ 375 False Claims Act |
| ❐ 120 Marine | ❐ 310 Airplane | ❐ 365 Personal Injury - | of Property 21 USC 881 | ❐ 423 Withdrawal | ❐ 376 Qui Tam (31 USC |
| ❐ 130 Miller Act | ❐ 315 Airplane Product | Product Liability | ❐ 690 Other | 28 USC 157 | 3729(a)) |
| ❐ 140 Negotiable Instrument | Liability | ❐ 367 Health Care/ | | | ❐ 400 State Reapportionment |
| ❐ 150 Recovery of Overpayment | ❐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ❐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ❐ 820 Copyrights | ❐ 430 Banks and Banking |
| ❐ 151 Medicare Act | ❐ 330 Federal Employers' | Product Liability | | ❐ 830 Patent | ❐ 450 Commerce |
| ❐ 152 Recovery of Defaulted | Liability | ❐ 368 Asbestos Personal | | ❐ 835 Patent - Abbreviated | ❐ 460 Deportation |
| Student Loans | ❐ 340 Marine | Injury Product | | New Drug Application | ❐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ❐ 345 Marine Product | Liability | | ❐ 840 Trademark | Corrupt Organizations |
| ❐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ❐ 480 Consumer Credit |
| of Veteran's Benefits | ❐ 350 Motor Vehicle | ❐ 370 Other Fraud | ❐ 710 Fair Labor Standards | ❐ 861 HIA (1395ff) | ❐ 490 Cable/Sat TV |
| ❐ 160 Stockholders' Suits | ❐ 355 Motor Vehicle | ❐ 371 Truth in Lending | Act | ❐ 862 Black Lung (923) | ❐ 850 Securities/Commodities/ |
| ☒ 190 Other Contract | Product Liability | ❐ 380 Other Personal | ❐ 720 Labor/Management | ❐ 863 DIWC/DIWW (405(g)) | Exchange |
| ❐ 195 Contract Product Liability | ❐ 360 Other Personal | Property Damage | Relations | ❐ 864 SSID Title XVI | ❐ 890 Other Statutory Actions |
| ❐ 196 Franchise | Injury | ❐ 385 Property Damage | ❐ 740 Railway Labor Act | ❐ 865 RSI (405(g)) | ❐ 891 Agricultural Acts |
| | ❐ 362 Personal Injury - | Product Liability | ❐ 751 Family and Medical | | ❐ 893 Environmental Matters |
| | Medical Malpractice | | Leave Act | | ❐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ❐ 210 Land Condemnation | ❐ 440 Other Civil Rights | **Habeas Corpus:** | ❐ 791 Employee Retirement | ❐ 870 Taxes (U.S. Plaintiff | ❐ 896 Arbitration |
| ❐ 220 Foreclosure | ❐ 441 Voting | ❐ 463 Alien Detainee | Income Security Act | or Defendant) | ❐ 899 Administrative Procedure |
| ❐ 230 Rent Lease & Ejectment | ❐ 442 Employment | ❐ 510 Motions to Vacate | | ❐ 871 IRS—Third Party | Act/Review or Appeal of |
| ❐ 240 Torts to Land | ❐ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ❐ 245 Tort Product Liability | Accommodations | ❐ 530 General | | | ❐ 950 Constitutionality of |
| ❐ 290 All Other Real Property | ❐ 445 Amer. w/Disabilities - | ❐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ❐ 462 Naturalization Application | | |
| | ❐ 446 Amer. w/Disabilities - | ❐ 540 Mandamus & Other | ❐ 465 Other Immigration | | |
| | Other | ❐ 550 Civil Rights | Actions | | |
| | ❐ 448 Education | ❐ 555 Prison Condition | | | |
| | | ❐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ❐ 1 Original<br>Proceeding | ☒ 2 Removed from<br>State Court | ❐ 3 Remanded from<br>Appellate Court | ❐ 4 Reinstated or<br>Reopened | ❐ 5 Transferred from<br>Another District<br>*(specify)* | ❐ 6 Multidistrict<br>Litigation -<br>Transfer | ❐ 8 Multidistrict<br>Litigation -<br>Direct File |

| VI. CAUSE OF ACTION | Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:<br>28 U.S.C. 1332(d), 1441, 1446, and 1453(b)<br>Brief description of cause:<br>Breach of Contract |
|---|---|

| VII. REQUESTED IN<br>COMPLAINT: | ☒ CHECK IF THIS IS A CLASS ACTION<br>UNDER RULE 23, F.R.Cv.P. | **DEMAND $**<br>30,000,000.00 | CHECK YES only if demanded in complaint:<br>**JURY DEMAND:**    ☒ Yes    ❐ No |
|---|---|---|---|

| VIII. RELATED CASE(S)<br>IF ANY | *(See instructions:)*<br>JUDGE _____ | DOCKET NUMBER _____ |
|---|---|---|

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 08/05/2019 | /s/ Wayne F. Dennison |

**FOR OFFICE USE ONLY**

| RECEIPT # _____ | AMOUNT _____ | APPLYING IFP _____ | JUDGE _____ | MAG. JUDGE _____ |
|---|---|---|---|---|

[ Print ]    [ Save As... ]                                                                                              [ Reset ]

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. **Title of case (name of first party on each side only)** A. Richard Schuster, individually and on behalf of all others similarly situated v. Encore Boston Harbor

2. **Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).**

      ☐     I.     160, 400, 410, 441, 535, 830*, 835*, 850, 891, 893, R.23, REGARDLESS OF NATURE OF SUIT.

      **4**   II.    110, 130, 190, 196, 370, 375, 376, 440, 442, 443, 445, 446, 448, 470, 751, 820*, 840*, 895, 896, 899.

      ☐     III.   120, 140, 150, 151, 152, 153, 195, 210, 220, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362,
                    365, 367, 368, 371, 380, 385, 422, 423, 430, 450, 460, 462, 463, 465, 480, 490, 510, 530, 540, 550, 555, 560, 625,
                    690, 710, 720, 740, 790, 791, 861-865, 870, 871, 890, 950.

      *Also complete AO 120 or AO 121. for patent, trademark or copyright cases.

3. **Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.**

4. **Has a prior action between the same parties and based on the same claim ever been filed in this court?**

                                                              YES ☐      NO **4**

5. **Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)**

                                                              YES ☐      NO **4**

   **If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?**

                                                              YES ☐      NO ☐

6. **Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?**

                                                              YES ☐      NO **4**

7. **Do all of the parties  in this action, excluding governmental agencies of the United States and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).**

                                                              YES ☐      NO ☐

      A.    If yes, in which division do all of the non-governmental parties reside?

            Eastern Division ☐          Central Division ☐          Western Division ☐

      B.    If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

            Eastern Division ☐          Central Division ☐          Western Division ☐

8. **If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)**

                                                              YES ☐      NO **4**

**(PLEASE TYPE OR PRINT)**
**ATTORNEY'S NAME** Wayne F. Dennison, Brown Rudnick LLP
**ADDRESS** One Financial Center, Boston, MA  02111
**TELEPHONE NO.** 617-856-8200

(CategoryForm1-2019.wpd )